UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO.: 3:21-cv-00961-TJC-JBT

ASAP TREE SERVICE, LLC,

    Plaintiff,

vs.

L.A. DISASTER RELIEF, LLC,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO DECLARE
DEFENDANT SERVED WITH PROCESS
PURSUANT TO FLA. STAT. §48.161**

    Plaintiff, ASAP Tree Service, LLC, through its undersigned counsel and pursuant to Fla. Stat. §48.161 and other applicable Rules and laws, requests that the Court enter an Order determining that Defendant, L.A. Disaster Relief, LLC, was served with process in compliance with Fla. Stat. §48.161 based on the following good cause:

**I. FACTUAL AND PROCEDURAL HISTORY**

    1.    Plaintiff first served a pre-suit letter on February 11, 2021, on Defendant by email and certified mail to request Defendant's insurance information.

    2.    Plaintiff then served a pre-suit demand letter on Defendant on June 4, 2021, by email and by certified mail.

3. Plaintiff filed its Complaint in this case on September 27, 2021, to recover money that it earned while working as a subcontractor for Defendant. [ECF No. 1.]

4. Although Plaintiff is a foreign corporation owned by a foreign citizen, Plaintiff filed the Complaint in this District because Defendant is a resident of this District, and its owner (Kyle E. Adams) is believed to also reside in this District.

5. Plaintiff then provided a copy of the Summonses and Complaint to its process server.

6. The process server made multiple attempts to obtain service of process on Defendant, including on the Registered Agent designated by the corporate Defendant between the hours of 11:00 a.m. and 2:00 p.m., but to no avail. (Exhibit "A": Defendant "rented a desk" at the address).

7. Defendant, L.A. Disaster Relief, LLC, failed to comply with Fla. Stat. §48.091(2) by failing to comply with the requirement that it, "shall keep the registered office open from 10 a.m. to 12 noon each day."

8. Defendant, L.A. Disaster Relief, LLC, likewise failed to have anyone available at its place of business during other hours of the day on several days on which attempts at service were made. *See* Fla. Stat. §48.081.

9. Defendant is represented by counsel in another matter pending in this District, *B&M Services, LLC v. L.A. Disaster Relief, LLC*, M.D. Fla. Case No.: 3:21-CV-00467-MMH-JBT.

10. The undersigned contacted counsel who represents this same Defendant in the *B&M* matter about accepting service of process, but counsel advised by email that they were not authorized to accept service for Defendant.

11. Plaintiff thereafter filed an Amended Complaint and requested for the Court to issue an Alias Summons to Defendant, L.A. Disaster Relief, LLC, so that it may obtain substitute service through the Secretary of the State of Florida due to Defendant's avoidance of service pursuant to Fla. Stat. §48.161 [ECF Nos.: 9-13].

12. The Secretary of State acknowledged the Alias Summons and accepted substitute service of process for Defendant on December 16, 2021. [ECF No. 15-1 at 2.]

13. Plaintiff sent out the Alias Summons, Amended Complaint, and Acknowledgement of Service to Defendant via email and Certified Mail on December 21, 2021. [ECF No. 15-1 at 7.]

14. Defendant signed for receipt of the substitute service package on February 28, 2022. [ECF No. 15-1 at 95.]

15. The Plaintiff's copy of the documents sent to Defendant did not include the Acknowledgement of Service by the Secretary of State.

16. Plaintiff re-sent the entire packet (Alias Summons, Amended Complaint, and Acknowledgement of Service) by certified mail and by email to Defendant on March 8, 2022. [ECF No. 15-1 at 97.]

17. Defendant then refused to sign for receipt of the certified mail. (Exhibit "B".)

18. Appended hereto as Exhibit "1" is Plaintiff's Affidavit of Compliance pursuant to Fla. Stat. §48.161.

## II. MEMORANDUM OF LAW

Rule 4 of the Federal Rules of Civil Procedure provides for service of process on a defendant by following state law. Fed. R. Civ. P. 4(e)(1); and *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938 (11th Cir. 1995). Florida law permits a plaintiff to obtain substitute service on a defendant who is a non-resident or who has concealed its whereabouts. Fla. Stat. §48.161.

This Court discussed the use of substituted service when a defendant avoids being served with process:

> In order to justify the use of substituted service, "The test … is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [her] to effect personal service on the defendant." *Delancy v. Tobias*, 26 So.3d 77, 78 (Fla. 3d DCA 2010) (alteration in original; internal citation omitted).
>
> *4 A number of courts have boiled down the technical requirements for substituted service as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *See, e.g., Smith v. Leaman*, 826 So.2d 1077, 1078 (Fla. 2nd DCA 2002).

*Verizon Trademark Services, LLC v. Producers, Inc.*, 2011 WL 3296812, at *3–4 (M.D. Fla. Aug. 2, 2011). The facts to which the undersigned attested establish in Exhibit "1" establish the reasonable attempts to obtain personal service on Defendant (through its Registered Agent down to any employee of Defendant).

This Court in *Verizon Trademark* went on to discuss the recognized exception

to filing a return receipt in situations in which a defendant is avoiding service of process:

> Despite the requirement of strict compliance with the statutory requirements, "the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process." *Smith*, 826 So.2d at 1078. As stated in *Jennings v. Montenegro*, 792 So.2d 1258, 1261 (Fla. 4th DCA 2001), "Plaintiffs who use substituted service but fail to obtain a return receipt ... must allege that the defendant is concealing his whereabouts, or that they had exercised due diligence in attempting to locate him." (Internal citations omitted). "In other words, the failure of delivery of service must be attributable to the defendant." *Id.*

*Verizon Trademark Services, LLC*, 2011 WL 3296812, at *4. In the case *sub judice*, Defendant at first signed for the Certified Mail, but then refused to sign for the final package to confirm receipt of the Acknowledgement of Service. (Exhibit "A".) The emails sent to Defendant, including the email to which the March _, 2022 letter was appended, were not returned to the sender. (Exhibit "1".)

Plaintiff utilized the information at its disposal and made diligent efforts in attempting to locate and serve the Defendant with process.

Plaintiff's process server went to serve the Defendant's registered agent with process but was informed that the Defendant merely "rented a desk" at the address. (Exhibit "A".)

Plaintiff not only sent all documentation by Certified Mail (until it was left unsigned), but it also sent all the same documentation by email to Defendant at the email address with which Plaintiff corresponded prior to the filing of the initial Complaint.

Plaintiff's counsel emailed the attorney who represents the Defendant in

another lawsuit that was concurrently pending in this Court, to inquire about accepting service of process for Defendant, but Defendant did not permit its counsel to cooperate. (Exhibit "1".)

Despite these numerous and diligent attempts, Plaintiff was unable to serve Defendant with process because it is deliberately concealing its whereabouts (and those of its Registered Agent). Accordingly, Plaintiff reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable it to effect service, albeit unsuccessfully. *See MPM 17A STR, LLC v. Spitalnic*, 2015 WL 4392957, at *2 (S.D. Fla. July 16, 2015).

## CONCLUSION

Plaintiff diligently searched and attempted to locate and serve Defendant, and then properly effectuated substituted service of process on it through the Florida Secretary of State in accordance with Fla. Stat. § 48.161. Service on Defendant is valid under Fla. Stat. § 48.161, despite the inability to file a postal receipt (return of service) from Defendant to establish its receipt of the Acknowledgement of Service by the Secretary of State. Consequently, Plaintiff requests the Court to enter an Order declaring Defendant served with process so that Plaintiff can thereafter obtain a Default against Defendant in this matter.

Respectfully submitted this 5th day of April 2022.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

A copy of the foregoing is being served on the Defendant by email and U.S. Mail at their last known email and postal address:

Kyle Adams, Manager
La Disaster Relief, LLC
PO Box 131
Orange Springs, Florida 32182
Ladisasterrlief1@gmail.com