UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASAP TREE SERVICE LLC,

    Plaintiff,

v.                                                                CASE NO. 3:21-cv-961-TJC-JBT

L.A. DISASTER RELIEF, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Declare Defendant Served with Process Pursuant to Fla. Stat. § 48.161 ("Motion") (Doc. 17). For the reasons stated herein, the Motion is due to be **DENIED without prejudice**. Plaintiff will be given the opportunity to file a renewed motion in compliance with this Order or file a motion requesting additional time to perfect service of process.

The Motion requests an order declaring that Defendant, a Florida Limited Liability Company ("LLC"), was served with process based on Plaintiff's substitute service thereof through Florida's Secretary of State. (*See id.*) Florida statute § 48.062(3), which pertains to LLCs, states: "If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the [LLC] as provided for in s. 48.181."

The Motion, which details Plaintiff's efforts to perfect service on Defendant's

registered agent, does not address the applicable statute, which is § 48.062. Instead, the Motion cites to requirements in § 48.081 and § 48.091, which are applicable to corporations rather than LLCs.[1] (Doc. 17 at 2.) Thus, for example, there is no information on whether Plaintiff made any attempt to serve a member, manager, or employee other than the registered agent or whether such service was possible.[2] *See* Fla. Stat. § 48.062(2).

Because the Motion does not describe Plaintiff's efforts to serve Defendant according to the requirements for serving an LLC in § 48.062, the Court cannot determine that substitute service on the Secretary of State was appropriate.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 17**) is **DENIED without prejudice**.

2. **On or before April 27, 2022**, Plaintiff shall either file a renewed motion demonstrating its reasonable diligence in complying with Fla. Stat. § 48.062 or file a motion requesting additional time to perfect service of process.

---

[1] The Motion also focuses on the technical requirements of § 48.161 (*see* Doc. 17 at 4–5), but the Court must first consider whether substitute service on the Secretary of State was proper under § 48.062.

[2] Further, § 48.062(4) appears to contemplate personal service of such persons pursuant to § 48.031, including at the person's usual place of abode. However, the Motion does not mention efforts by Plaintiff to personally serve Defendant at any location other than the registered address of the LLC. (*See* Doc. 17.)

**DONE AND ORDERED** in Jacksonville, Florida on April 13, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record